# EXHIBIT A

# Plaintiff's Complaint

# EXHIBIT A

Electronically Filed
7/27/2020 4:32 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
SCOTT L. POISSON
Nevada Bar No.: 10188
JAMIE H. CORCORAN, ESQ.
Nevada Bar No.: 11790
**BERNSTEIN & POISSON**
320 South Jones
Las Vegas, Nevada 89107
(702) 256-4566
(702) 256-6280 fax
jamie@vegashurt.com
Attorneys for Plaintiff

CASE NO: A-20-818619-C
Department 9

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| Pamela Porter, individually;<br><br>Plaintiff,<br><br>vs.<br><br>The Vons Companies, Inc.; and DOES 1 through 100; and ROE CORPORATIONS 101 through 200<br><br>Defendants. | CASE NO.:<br>DEPT. NO.: |

## COMPLAINT

Plaintiff, Pamela Porter, through counsel, sues Defendants and alleges as follows:

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2. At all times material, Plaintiff was and is present in Clark County, State of Nevada

3. At all times material, The Vons Companies, Inc. (hereinafter "Vons") was doing business in Clark County, Nevada and is subject to jurisdiction in Clark

-1-

County, Nevada.

4. Upon information and belief, Defendant, Vons owned and/or operated, and/or managed certain property and/or business located at or around 1131 Tropicana, in Clark County, Nevada, and commonly referred to as Vons, Vons grocery, and/or Vons Store.

5. Upon information and belief, at all times material herein, Doe and Roe Defendants 1 through 200 were legal residents/entities of Clark County, Nevada, and authorized to do business by the State of Nevada, and/or were employees, agents, or servants of Defendants.

6. The true names and capacities Defendants, Doe and Roe 1 through 200, are unknown. Plaintiff alleges that the Defendants Doe and Roe 1 through 200 were responsible for the Plaintiff's injuries; and are liable for Plaintiff's damages. Plaintiff will ask leave of court to amend this Complaint and insert the names and capacities of Doe and Roe 1 through 200 when they are discovered.  The DOE 1 is the unknown actual legal owner of the property. The DOE 2 is the unknown maintenance and/or cleaning and/or janitorial company responsible for cleaning and upkeep on the property.  The DOE 3 is the unknown property management company.  The DOE 4 is the true legal owner and/or corporate owner and/or correct subsidiary of the property, building, or business.  The DOE 5 is the unknown owner or manager of the business commonly referred to as Vons.  The DOE 6 is the unknown owner, operator, or manager of the subject premises.  The DOE 7 is the owner, operator, or contractor of the septic tank and/or plumbers and/or workers or contractors hired at issue herein.

## **FACTUAL BACKGROUND**

7. On or about October 28, 2018, Plaintiff was lawfully on Defendant's, property as a guest.
8. Plaintiff was walking when she suddenly and unexpectedly slipped and fell on liquid on the grounds.
9. As a result, Plaintiff suffered severe bodily injury.
10. Defendant, and each of them, known and unknown, owed a duty to warn Plaintiff of perils that would foreseeably harm her, including placing warnings of a hazard on the grounds, cleaning up known hazards, blocking off the hazards, and cleaning and monitoring the premises in a safe matter, and safely stocking and monitoring food and stocking.
11. Defendant, and each of them, owed a duty to maintain a safe premises to protect persons such as plaintiff from harm, including curing hazards on the floor.

## **I. Negligence/ Premises Liability**

12. Plaintiff realleges each of the foregoing allegations contained in paragraphs 1 through 11 as if fully set forth herein.
13. At all times material, Defendant and each of them, known and unknown, through its employees and/or agents was in control of, and responsible for maintaining the premises in a reasonably safe condition to protect persons, such as Plaintiff, from harm.
14. Defendant, and each of them, known and unknown, breached its duty to Plaintiff in one or more of the following respects, but not limited to:
    a. Failure to exercise reasonable care in performing routine cleaning/ maintenance of the premises.
    b. Failure to warn plaintiff of dangerous conditions on the premises.

    c. Failure to inspect for dangerous conditions on the premises.

    d. Failure to cure dangerous conditions on the premises.

    e. Failure to timely and properly maintain its premises

    f. Failing to place safety mats and warnings

    g. Failing to watch for or inspect for hazards on the ground.

    h. Failing to properly block off or warn of the hazards

    i. Failing to keep its premises including septic tanks safe and operational

15. Defendant, and each of them, through its employees and/or agents, knew or should have known of the dangerous condition.

16. As a result of Defendant's, and each of them known and unknown, negligence, Plaintiff suffered serious bodily injury.

17. In addition to their direct liability, Defendants, and each of them, were and are vicariously liable for the acts and omissions of any staff, agents, apparent agents, servants, contractors, employees or by such other persons or entities, consultants, independent contractors, whether in house or outside, entities, individuals, agencies or pools which in any manner caused or contributed to Plaintiff's irreparable harm and damage through respondeat superior.

18. Defendant's, and each of them, known and unknown, breach of these duties directly and proximately caused Plaintiff's injuries.

19. Plaintiff has suffered injury and damages in an amount in excess of $15,000.00.

## II. NEGLIGENT HIRING/SUPERVISION

20. Plaintiff re-alleges each of the foregoing allegations contained in paragraphs 1 through 19 as if fully set forth herein.
21. In addition to their direct liability, Defendants, and each of them, known and unknown, were and are vicariously liable for the acts and omissions of any staff, agents, apparent agents, servants, contractors, employees or by such other persons or entities, consultants, independent contractors, whether in house or outside, entities, individuals, agencies or pools which in any manner caused or contributed to Plaintiff's irreparable harm and damage.
22. At all times relevant herein, Defendants, through its agents, servants and/or employees thereof, were acting within the scope of employment with the knowledge, permission and consent of it's employer(s) and/or contractors. Therefore, employer(s) are responsible and liable for all of its employee's negligent conduct set forth herein under the theory of respondeat superior.
23. Upon information and belief, Defendants employed or contracted with janitorial and maintenance personnel, design teams, management and other supervisory personnel for the purpose of supervising employees, patrons, guests and invitees and maintaining said property and said buffet in a reasonably safe and suitable condition.
24. At all times material, Defendant was in control of, and responsible for training, hiring, and/or screening employees/contractors working on its premises, in a way designed to protect persons such as Plaintiff from harm.
25. Defendant, and each of them, known and unknown, breached its duty to Plaintiff in one or more of the following respects, but not limited to:
    a. Failing to adequately supervise employees, agents, contractors and/or subsidiaries.

      b. Failing to adequately train employees, agents, contractors and/or subsidiaries.

      c. Failing to adequately screen potential employees, agents, contractors and/or subsidiaries before their hiring/contracting.

      d. Failing to follow safety protocol.

26. Defendant's breach of these duties directly and proximately caused Plaintiff's injuries.

27. Plaintiff has suffered injury and damages in an amount in excess of $15,000.00 subject to proof at trial.

28. At all times relevant herein, DOE Defendants, through its agents, servants and/or employees thereof, were acting within the scope of employment with the knowledge, permission and consent of it's employer(s) and/or contractors. Therefore, employer(s) are responsible and liable for all of it's employee's negligent conduct set forth herein under the theory of respondeat superior.

29. Plaintiff has suffered injury and damages in an amount in excess of $15,000.00 subject to proof at trial.

**WHEREFORE**, Plaintiff, expressly reserving her right to amend this complaint at the time of, or prior to trial, prays for judgment against the Defendants, and each of them, as follows:

1. For General and Special Damages sustained by Plaintiff in a sum in excess of $15,000.00;
2. For Attorney's Fees and Costs of suit incurred herein;
3. For interest at the statutory rate;
4. For such other relief as this Court deems appropriate.

Dated: July 27, 2020

**BERNSTEIN AND POISSON**

/s/ Jamie Corcoran
SCOTT L. POISSON, ESQ,
Nevada Bar No.:10188
JAMIE H. CORCORAN,, ESQ.
Nevada Bar No.: 11790
320 South Jones
Las Vegas, Nevada 89107
(702) 256-4566
Attorneys for Plaintiff