1  Jack P. Burden, Esq.
   Nevada State Bar No. 6918
2  Jacquelyn Franco, Esq.
   Nevada State Bar No. 13484
3  **BACKUS, CARRANZA & BURDEN**
4  3050 South Durango Drive
   Las Vegas, NV 89117
5  T: (702) 872-5555
   F: (702) 872-5545
6  jburden@backuslaw.com
7  Attorneys for Defendant *The Vons Companies, Inc.*

8                    **UNITED STATES DISTRICT COURT**

9                          **DISTRICT OF NEVADA**

10 | PAMELA PORTER,                | 2:20-cv-01899-GMN-DJA |

11 |           Plaintiff,           |                      |

12 |                                | **STIPULATION AND ORDER TO** |
   |  vs.                           | **EXTEND DISCOVERY DEADLINES** |
13 |                                | **(FIRST REQUEST)** |

14 | THE VONS COMPANIES, INC.,     |                      |

15 |           Defendant.           |                      |

16     In accordance with Local Rules of Practice for the United States District Court for the

17 District of Nevada ("LR") 26-4, Defendant The Vons Companies, Inc. ("Defendant"), by and

18 through its counsel of record, the law firm of BACKUS, CARRANZA & BURDEN, and Plaintiff Pamela

19 Porter ("Plaintiff"), by and through her counsel of record, BERNSTEIN & POISSON, hereby stipulate

20 and agree to an extension of all remaining discovery deadlines by ninety (90) days. The parties

21 propose the following revised discovery plan:

22     Pursuant to Local Rule 6-1(b), the Parties hereby aver that this is the first such discovery

23 extension requested in this matter. Moreover, pursuant to Local Rule 26-3, it is respectfully

24 submitted the Parties' failure to request the instant extension of discovery twenty-one (21) days

25 prior to the deadline for initial expert disclosure was the result of excusable neglect. Specifically

26 noting the failure to request the extension of was a mere oversight by the Parties. *Bateman v. U.S.*

                                         1

*Postal Service*, 231 F.3d 1220 (9th Cir. 2000). Further: 1) there is no danger of prejudice as the extension is stipulated by the Parties; 2) a one hundred eighty (180) day extension will not impact a trial date because the same has not been scheduled; 3) the Parties, their respective Counsel, and witnesses have been limited in appearing for deposition due to the Covid-19 pandemic; and 4) the requested extension is made in good faith by both Parties. *Pioneer Investment Services v. Brunswick Associate's, Ltd.*, 507 U.S. 380, 395 (1993).

## I.

## DISCOVERY COMPLETED TO DATE

1. Plaintiff served her Initial Disclosure Pursuant to FRCP 26 on November 6, 2020;

2. Defendant served its Initial Disclosure Pursuant to FRCP 26 on November 16, 2020;

3. Defendant produced its First Sets of Requests for Production, Interrogatories, and Requests for Admission to Plaintiff, which were answered;

4. Defendant served its First Supplemental Disclosure Pursuant to FRCP 26 on March 30, 2021;

5. Defendant noticed the custodian of record of the following:

    a. CHC1-Primary Care;

    b. Desert Radiology;

    c. Interventional Pain and Spine Institute;

    d. Kelly Hawkins Physical Therapy; and

    e. Surgical Arts Center/Interventional Pain and Spine Institute.

## II.

## DISCOVERY TO BE COMPLETED AND REASONS

## FOR EXTENSION OF DISCOVERY

Discovery to be completed includes:

1. Additional propounded written discovery by and upon the Parties.

2. Deposition of Plaintiff.

3. Depositions of fact witnesses.

4. Depositions of Plaintiff's treating medical providers.

5. Depositions of Defendant's employees.

6. Deposition of Defendant's FRCP 30(b)(6) representative(s).

7. FRCP 26(a)(2) designation of initial and rebuttal expert witnesses.

8. Depositions of initial and rebuttal expert witnesses.

9. FRCP 35 examination of Plaintiff.

Additional written discovery and depositions as the Parties deem necessary.

The Parties aver, pursuant to Local Rule 6-1, that good cause exists for the requested extension.

Further, the Parties wish to investigate this case by conducting additional depositions of important witnesses prior to initial expert disclosures in an effort to determine if resolution of this matter may be reached prior to incurring fees and costs associated with disclosing experts and their respective opinions.

### III.

### REASONS WHY DISCOVERY WAS NOT COMPLETED WITHIN TIME SET BY DISCOVERY PLAN

This request is three-fold. First, the onset of the Covid-19 pandemic has made conducting depositions – especially depositions of physicians, many of whom have an understandably increased workflow and decreased availability – and other discovery-related tasks more difficult. Second, due to internal office changes, Plaintiff is now represented by new counsel and additional time was needed to allow counsel time to become familiar with the file. Third, defendant The Vons Companies

anticipates some difficulty producing its out-of-state FRCP 30(b)(6) designee given the massive increase in grocery store demand during the pandemic. As such, the parties agree to extend discovery deadlines for ninety (90) days. The parties have entered into this agreement in good faith and not for purposes of delay.

## IV.
## DISCOVERY DEADLINES

| | |
|---|---|
| Discovery cutoff: | June 8, 2021 |
| Amending the pleadings or adding parties: | March 10, 2021 |
| Expert disclosures: | April 9, 2021 |
| Rebuttal expert disclosures: | May 10, 2021 |
| Dispositive motions: | July 8, 2021 |

## VII.
## [PROPOSED] NEW DISCOVERY DEADLINES

| | |
|---|---|
| Discovery cutoff: | *September 6, 2021* |
| Amending the pleadings or adding parties: | *Closed* |
| Expert disclosures: | *July 8, 2021* |
| Rebuttal expert disclosures | *August 9, 2021* |
| Dispositive motions: | *October 6, 2021* |

The Parties aver that this request for extension of discovery deadlines is made by the

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

4

*CASE NO.: 2:20-cv-01899-GMN-DJA*
*Porter v. The Vons Companies, Inc.*
*Stipulation and Order to Extend (First Request)*

Parties in good faith and not for the purpose of delay.

DATED this 9th day of April, 2021.  DATED this 9th day of April, 2021.
BERNSTEIN & POISSON  BACKUS, CARRANZA & BURDEN.

*/s/Amber King*_____  */s/ Jacquelyn Franco*_____
AMBER KING, ESQ.  JACK P. BURDEN, ESQ.
Nevada Bar No. 14070  Nevada Bar No. 6918
700 S. Jones Blvd.  JACQUELYN FRANCO, ESQ.
Las Vegas, Nevada 89107  Nevada Bar No. 13484
*Attorney for Plaintiff*  3050 South Durango Drive
  Las Vegas, Nevada 89117
  *Attorneys for Defendant*

**IT IS SO ORDERED subject to the following modification.** The parties' plan fails to include a deadline for filing their joint pretrial order. Accordingly, the deadline to file the Joint Pretrial Order is **November 5, 2021.** If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

DATED this 12th day of April 2021.

_____
DANIEL J. ALBREGTS
UNINTED STATES MAGISTRATE JUDGE

5